**BERKSHIRE FURNITURE CO., INC. a Delaware Corporation d/b/a The Fashion Bed Group, Plaintiff,**

v.

**Uri GLATTSTEIN, an individual and Hillsdale House Limited, a Kentucky corporation, Defendants.**

**Civ. A. No. 3:95CV–778–H.**

United States District Court, W.D. Kentucky.

Dec. 13, 1995.

Jack A. Wheat, Joel T. Beres, John W. Scruton, Wheat, Camoriano, Smith & Beres, Louisville, Kentucky, David A. Brill, Goldberg & Simpson, Louisville, Kentucky, for defendants.

## MEMORANDUM AND ORDER

HEYBURN, District Judge.

This Court granted Plaintiff a temporary restraining order (TRO) to prevent Defendants from damaging Plaintiff's business by interrupting Plaintiff's manufacturing processes or contract supplies in Malaysia. Defendants subsequently filed a Motion to Dissolve Temporary Restraining Order and Plaintiff filed a Motion for Preliminary Injunction. For the reasons set forth below, the Court denies both Motions. Instead, the Court allowed the TRO to expire of its own accord on December 9, 1995.

At issue in this case is the ownership of certain bed frame designs. Both Plaintiff and Defendants claim ownership of the designs under United States law, and Defendants also claim ownership under the laws of the United Kingdom and Malaysia. Plaintiff's complaint asks this Court for a Declaratory Judgment to declare the rights between the parties relative to the designs under U.S., U.K., and Malaysian law. Plaintiff also seeks injunctive relief barring Defendants from enforcing their claim to the designs against Plaintiff or any of Plaintiff's suppliers. Essentially, Plaintiff seeks to adjudicate the validity of a design registration issued in a foreign country and enjoin Defendants from enforcing their alleged rights to the designs in a Malaysian court.

In considering the issues at hand, the Court has examined the cases presented by both parties and determined that the most pertinent ones are *Gau Shan Co., Ltd. v. Bankers Trust Co.*, 956 F.2d 1349 (6th Cir. 1992), *Mars Inc. v. Kabushiki–Kaisha Nippon Conlux*, 24 F.3d 1368 (Fed.Cir.1994), and *Vanity Fair Mills v. T. Eaton Co. Ltd*, 234 F.2d 633 (2nd Cir.1956). From these cases, the Court has derived general principles that govern this dispute.

Robert W. Griffith, James W. Proud, Stites & Harbison, Louisville, Kentucky, David S. Stallard, John D. Poffenberger, Donald M. Hill, Wood, Herron & Evans, Cincinnati, Ohio, for plaintiff.

■ In *Gau Shan*, the Sixth Circuit declared that a foreign antisuit injunction should issue only when the foreign proceeding 1) threatens the jurisdiction of the United States court, or 2) evades strong public policies of the United States. *Gau Shan*, 956 F.2d at 1354. "Comity dictates that foreign antisuit injunctions be issued sparingly and only in the rarest of cases." *Id.* at 1354. Antisuit injunctions are destructive of international comity because they deny foreign courts the right to exercise their proper jurisdiction. *Id.* at 1355. As the Sixth Circuit explained, "[s]uch action conveys the message, intended or not, that the issuing court has so little confidence in the foreign court's ability to adjudicate a given dispute fairly and efficiently that it is unwilling even to allow the possibility." *Id.* The Court expressed concern that reciprocity and cooperation would suffer as a result. *Id.*

■ As for the first prong of the *Gau Shan* test, only two scenarios have been held to threaten a court's jurisdiction: 1) where the U.S. court's jurisdiction is based on the presence of property within the court's jurisdictional boundaries, and a concurrent proceeding in a foreign jurisdiction poses the danger that the foreign court will order the transfer of the property out of the jurisdictional boundaries of the U.S. court; and 2) where a foreign court is attempting to carve out exclusive jurisdiction over the action. *Id.* at 1356. Neither scenario is present here. An intellectual property right such as a copyright cannot be moved from the court's jurisdictional boundaries and deprive this court of jurisdiction. And there is no evidence that a Malaysian court would attempt to carve out exclusive jurisdiction over the action.

■ The second potential basis for an antisuit injunction is to prevent evasion of strong public policies of the United States. The *Gau Shan* court held that only the evasion of the most compelling public policies of the forum would support the issuance of an antisuit injunction. *Id.* at 1358. A court should issue an antisuit injunction only to avoid something that is " 'repugnant to fundamental notions of what is decent and just.' " *Id.* quoting *Tahan v. Hodgson*, 662 F.2d 862, 866 (D.C.Cir.1981). Plaintiff argues that protecting the intellectual property rights of its citizens is a vital public policy interest of the U.S. However, the Court can adequately protect Plaintiff's intellectual property rights by determining the parties' rights in the designs under U.S. law. Furthermore, allowing a Malaysian court to adjudicate the validity of the designs under U.K. and Malaysian law is hardly "repugnant to fundamental notions of what is decent and just." There is simply no public policy at issue here that outweighs the principles of international comity. Because the prospective action in a Malaysian court neither threatens this Court's jurisdiction nor evades strong U.S. public policies, the Court will not issue an antisuit injunction.

■ In addition to the claim for injunctive relief, Plaintiff asks the Court to determine the validity of the design registrations under U.S., U.K., and Malaysian law. However, U.S. courts have long recognized the impropriety of adjudicating the validity of foreign intellectual property registrations. *See Vanity Fair Mills, Inc. v. T. Eaton Co. Ltd.*, 234 F.2d 633 (2nd Cir.1956) (affirming district court's refusal to decide the validity of Canadian trademark registration).

More recently, the Court of Appeals for the Federal Circuit held that U.S. courts do not have original jurisdiction under 28 U.S.C. 1338 to litigate foreign patents nor do they have supplemental jurisdiction to litigate foreign patents in the same action in which U.S. intellectual properties are in issue. *Mars v. Kabushiki–Kaisha Nippon Conlux*, 24 F.3d 1368, 1375 (Fed.Cir.1994). In *Mars*, the district court also found that concerns respecting international comity counseled "against exercising jurisdiction over a matter involving a Japanese patent, Japanese law, and acts of a Japanese defendant in Japan." *Id.* at 1376.

Plaintiff's strongest argument—that Defendants have committed an outrageous fraud—cuts both ways. If Plaintiff has suffered a grievous wrong or if Defendants have perpetrated such a fraud, the Court assumes that a Malaysian court would recognize this and offer the appropriate relief. To assume

otherwise would require an arrogance that this Court does not possess.

In light of the principles discussed above, the Court is disinclined to decide issues related to the designs that arise under U.K. and Malaysian law. The Court will, though, decide the issues of U.S. copyright and contract law presented by this case in an expeditious manner. Once the Court decides those issues, Plaintiff, if it prevails, can seek protection under the laws of the U.K. and Malaysia pursuant to the Berne Convention regardless of whether the U.K. and Malaysian rights have been adjudicated by this Court.

### ORDER

This matter came before the Court on the motion of Plaintiff, Berkshire Furniture Co., and Defendants Uri Glattstein and Hillsdale House Limited. Upon considering all papers submitted by the parties, the argument of counsel, and upon good cause appearing:

IT IS HEREBY ORDERED that the temporary restraining order entered in this matter on November 28, 1995 expired on December 9, 1995.

IT IS FURTHER ORDERED that Defendants' Motion to Dissolve Temporary Restraining Order is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction is DENIED.

IT IS FURTHER ORDERED that the Court will determine expeditiously the rights between the parties relative to the bed frame designs under United States law.